UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW PEIRICK,<br><br>               Plaintiff,<br><br>    v.<br><br>PIOTR DUDEK,<br><br>               Defendant. | No. 20 CV 3013<br><br>Judge Manish S. Shah |

ORDER

Defendant's partial motion to dismiss, [19], is denied. Dudek has leave to amend his answer by December 3, 2020. The parties shall file a joint status report with a proposed discovery schedule by December 3, 2020.

STATEMENT

Piotr Dudek, an Illinois State Trooper, stopped Andrew Peirick for speeding on I-90 West. [20] ¶¶ 6–7.[1] After approaching the vehicle, Dudek falsely accused Peirick of driving under the influence and arrested him without probable cause to believe he committed an offense. *Id.* ¶¶ 8, 14. During the arrest, Dudek used excessive force, tightly handcuffing Peirick's arms behind his back and causing visible injuries including "red marks, bruises, numbness, [and] pain and swelling to his hands and wrists." *Id.* ¶¶ 9, 13. Peirick complained at least seven times that the handcuffs were too tight and injuring him. *Id.* ¶ 10. Dudek falsely charged Peirick with a DUI; he fabricated evidence and police reports; and he falsely testified that Peirick said he had six drinks when he never made such a statement. *Id.* ¶¶ 15–16.

Peirick sues Dudek under 42 U.S.C. § 1983 for using excessive force in violation of his Fourth and Fourteenth Amendment rights, and for malicious prosecution under Illinois law. Dudek moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

A complaint must contain a short and plain statement that plausibly suggests a right to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. Facts are taken from the first amended complaint, [20], and its allegations are assumed to be true when evaluating whether the complaint states a claim.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but it need not do the same for legal conclusions or "threadbare recitals" supported by only "conclusory statements." *Iqbal*, 556 U.S. at 678.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law violated plaintiff's federal constitutional rights. *D.S. v. East Porter County School Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). To state a claim for malicious prosecution in Illinois, a plaintiff must show (1) commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) termination of the case in the plaintiff's favor; (3) absence of probable cause for the proceeding; (4) malice; and (5) damages. *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 26.

Dudek's partial motion to dismiss advances two immunity-based arguments. For the federal claim, Dudek argues that the Eleventh Amendment bars the § 1983 suit to the extent that it is against him in his official capacity. [19] at 6–7. But Peirick does not bring a claim against Dudek in his official capacity. When a complaint fails to specify whether a § 1983 claim is brought against a defendant in his official or individual capacity, resolution of the issue turns on the relief sought. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). The inquiry is simple: when a plaintiff seeks injunctive relief, then he has brought an official-capacity suit; but when the plaintiff seeks damages, he has brought a personal-capacity suit. *Id*.; *see also Hill v. Shelander*, 924 F.2d 1370, 1373–74 (7th Cir. 1991). While Peirick does not use the phrase "individual capacity" in his complaint, his claim is against Dudek in his individual capacity because he seeks only damages. [20] ¶ 20. The Eleventh Amendment does not bar the claim.

Dudek next argues that the malicious-prosecution claim is barred by the doctrine of state sovereign immunity. [19] at 4–6; [26] at 2–5. The State Lawsuit Immunity Act prohibits plaintiffs from suing the state. 745 ILCS 5/1. A suit against a state official in his individual capacity may be considered a suit against the state itself if three conditions are met: (1) if there are no allegations that a state employee acted beyond the scope of his authority through wrongful acts; (2) if the duty alleged to have been breached was not owed to the public generally, independent of the fact of state employment; and (3) if the complained-of actions involve matters ordinarily within that employee's normal and official functions of the state. *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016) (citing *Healy v. Vaupel*, 133 Ill.2d 295 (1990)). But sovereign immunity does not apply if the plaintiff alleges that a state official or employee violated "statutory or constitutional law" or acted beyond the scope of their authority. *Murphy*, 844 F.3d at 658–59. While lawful and official acts of state officers are regarded as acts of the state itself, "illegal acts performed by the officers are not."

2

*Id.* at 659 (quoting *Leetaru v. Board of Trustees of Univ. of Ill.*, 2015 IL 117485, ¶ 46 (2015)). This exception is aimed "at situations where the official is not doing the business which the sovereign has empowered him or her to do or is doing it in a way which the law forbids." *Leetaru*, 2015 IL 117485, ¶ 47.

Peirick's malicious-prosecution claim lies against Dudek and not the state. Peirick's claim is based on the allegation that Dudek fabricated evidence, police reports, and testimony. [22] at 2–4. In Illinois, "the duty not to make false accusations of criminal conduct is imposed by the Illinois Criminal Code, which makes no distinction between accusations by state employees and those leveled by non-state employees." *Fritz v. Johnston*, 209 Ill.2d 302, 314 (2004) (citing 720 ILCS 5/26-1(a)(4)). Dudek's authority as a state trooper did not extend to the unlawful act of falsifying evidence and testimony to maintain a prosecution that lacked probable cause. And while Dudek's job entails filing police reports and testifying, he remained bound by the duty to refrain from making false accusations of criminal conduct, regardless of his state employment. At the pleading stage, Peirick has adequately alleged both that Dudek acted beyond the scope of his authority and that the duty owed was independent of Dudek's state employment.

Dudek argues that state sovereign immunity still applies because a judgment for Peirick would subject the state to liability and control its actions. [19] at 6. Not so. Dudek was acting without lawful authority when he allegedly fabricated evidence and gave false testimony of criminal conduct. Because the state "cannot justifiably claim interference with its functions when the act complained of is unauthorized or illegal," a judgment for Peirick here would not alter or control actions of the state. *Leetaru*, 2015 IL 117485, ¶ 47.

Finally, Dudek argues that *Parmar v. Madigan*, 2018 IL 122265, altered the legal landscape, barring application of the "officer suit" exception to any suits for damages against state employees. [26] at 2–5. The officer suit exception—also called the "prospective injunctive relief exception"—allows a plaintiff to sue a state officer without offending sovereign immunity principles, so long as the plaintiff seeks to prospectively enjoin the unlawful conduct of the officer. *Parmar*, 2018 IL 122265, ¶ 22. In *Parmar*, the plaintiff sued Illinois's Treasurer and Attorney General based on their administration of the state's estate tax. *Id.* ¶ 25. The plaintiff did not allege that either official acted in excess of their authority, but rather, that their conduct was unlawful because the Illinois Estate Tax Act was unconstitutional. *Id.* ¶¶ 25–26. The Illinois Supreme Court held that the plaintiff's claim, which sought damages in the form of a tax refund, was barred by state sovereign immunity because "a complaint seeking damages for a past wrong does not fall within the officer suit exception to sovereign immunity." *Id.* ¶ 26 (citing *Leetaru*, 2015 IL 117485, ¶ 51). Under *Parmar*, Dudek argues, Peirick's malicious-prosecution claim must be dismissed because it is "solely for damages" and thus "the officer suit exception to state law sovereign immunity does not apply." [26] at 5.

For sovereign immunity or the officer suit exception to apply in the first place, however, claims must be brought against the state. That determination turns not on the relief sought, but rather on the source of the duty the employee is charged with breaching. *See Currie v. Lao*, 148 Ill.2d 151, 159 (1992). Accordingly, when "an employee of the State, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his State employment, a suit against him will not be shielded by sovereign immunity." *Id.* at 159; *see also Healy*, 133 Ill.2d at 308 ("Sovereign immunity affords no protection ... when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority, and in those instances an action may be brought in circuit court.").

Unlike the plaintiff's claims in *Parmar*, Peirick's claims are not against the state and so sovereign immunity does not apply. The duty allegedly breached in *Parmar* arose solely from the Attorney General and Treasurer's lawful authority to enforce an Illinois tax law. Here, by contrast, the duty not to make false accusations of criminal conduct is a general duty imposed on the public as a whole. *See Fritz*, 209 Ill.2d at 314. Dudek is therefore "no more entitled to immunity than is a private individual who breaches that same duty; the mere fact of his State employment should not endow him with heightened protection." *Currie*, 148 Ill.2d at 160. I do not read *Parmar* to abrogate *Currie* and *Fritz*, two cases it does not cite. Sovereign immunity does not bar Peirick's state-law claim.

ENTER:

Date: November 12, 2020

Manish S. Shah
U.S. District Judge

4